Robert L. Volz (CA Bar No: 209704)
SAAD AHMAD & ASSOCIATES
39159 Paseo Padre Parkway, Suite 307
Fremont, CA 94538
Telephone: (510) 791-0232
Fax: (510) 791-5609

Attorneys for Petitioner: Hymed Besrour

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO, CALIFORNIA**

| | |
|---|---|
| Hymed Besrour,<br><br>  Plaintiff,<br><br>v.<br><br>Alberto Gonzales, Attorney General of the United States; Michael Chertoff, Secretary of the Department of Homeland Security; Eduardo Aguirre, Director of United States Citizenship & Immigration Services; Michael Mueller, Director of the Federal Bureau of Investigations; Christina Poulos, Acting Director of the California Service Center<br><br>  Defendants | Case No. C-06 4797 SBA<br><br>COMPLAINT FOR MANDAMUS TO COMPEL DEFENDANTS TO COMPLETE NATURALIZATION PROCESS<br><br>INS A# 048-014-523 |

The Plaintiff Hymed Besrour (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby respectfully petitions this Honorable Court for a Writ of Mandamus to compel action on an application for naturalization properly filed by the Plaintiff. The naturalization application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment. In support of this petition, the Plaintiff alleges as follows:

**PARTIES**

1. The Plaintiff, Alien Registration Number A 048-014-523 is a resident of Santa Clara County and a naturalization applicant.

1

2.  Alberto Gonzales is the U.S. Attorney General, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Naturalization Act, and is further authorized to delegate such powers and authority to subordinate agency such as Federal Bureau of Investigation and subordinate employees of the Department of Justice.

3.  Michael Chertoff is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity.

4.  Christina Poulos is the Acting Director of the California Service Center, US Citizenship and Immigration Service. The California Service Center is responsible for initial processing of naturalization application filed by the Petitioner.

5.  Michael Mueller is the Director of the Federal Bureau of Investigation.

6.  Eduardo Aguirre is the Secretary of the United States Citizenship & Immigration Services.

**JURISDICTION**

7.  This is a civil action brought pursuant to 28 USC § 1331 and 1361 to redress the deprivation or rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants and those working under them to perform duties they owe to the Plaintiff.

8.  Jurisdiction is also conferred by 5 USC §704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Court. 5 USC §702.

9.  Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act. 5 USC §504, and 28 USC 2412(d).

2

## VENUE

10. Venue is the Northern District of California is proper pursuant to Title 28 USC Section 1391 (e) in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. The Plaintiff has exhausted their administrative remedies. Plaintiff has made numerous inquiries concerning the status of the application to no avail.

## THE STATUTORY AND REGULATORY SCHEME OF THE NATURALIZATION PROCESS

12. Congress has created a comprehensive statutory scheme which guarantees that eligible applicants will be naturalized in a prompt and dignified fashion while guaranteeing the integrity of the naturalization process. Defendants, through their regulations, have reinforced the express desire of the Congress for a prompt but accurate naturalization process. 8 USC § 1443-1445 provide the requirements for citizenship and the means of application. 8 CFR § 335.3 provides that "the applicant shall be notified that the application has been granted or denied and, if the application has been granted, of the procedures to be followed for the administration of the oath of allegiance…" 8 USC § 1447(b) provides that if that determination is not made "before the end of the 120-day period after the date on which the examination is conducted", the applicant may apply to the United States District Court for relief.

**THE CHALLANGED PRACTICE**

13. Despite the statutory and regulatory mandate, The Plaintiff has not been notified that his application has been granted or denied either at the naturalization examination or within 120 days thereafter.

**FACTUAL ALLEGATIONS**

14. Plaintiff is a lawful permanent resident of the United States since November 2000, and a native and citizen of France. He is 38 years old.

15. In 2004, plaintiff applied for naturalization based on his marriage to a U.S. citizen. Plaintiff's application for naturalization was received by the U.S. Immigration and Naturalization Service on May 26, 2004. He had his first fingerprint taken on July 20, 2004. Plaintiff had his naturalization interview on February 1, 2005 at the CIS San Jose, District Office, and he passed the tests of English, U.S. history, and government. Plaintiff is still awaiting a decision on his naturalization application. Plaintiff has made many inquires on the status of his naturalization application with the CIS District Office. He even contacted his congressmen Mike Honda to assist him in expediting this process. Notwithstanding all these efforts, Plaintiff has not received a determination on his naturalization application up to the present date, over18 months after he passed the naturalization interview on February 1, 2005.

**CLAIM FOR RELIEF**

16. The Plaintiff alleges that defendants have violated and continue to violate 8 USC § 1447(b) and 8 CFR § 335.3 by failing to make a determination on the naturalization application of the Plaintiff at the time of the initial examination or within 120 days thereafter.

17. Plaintiff alleges that defendants are in violation of the Administrative Procedure Act, 5 USC section 701 et seq., (a) in that they have unlawfully withheld and unreasonably delayed agency action to which the Plaintiff is entitled to and (b) in that they have taken action that is arbitrary and capricious, an abuse of discretion and not in accordance with law, by failing to make a determination on the naturalization application of the Plaintiff at the time of the initial examination or within 120 days thereafter.

## IRREPARABLE INJURY

18. As a result of the defendants' failure to perform their duty, under 8 USC section 1447(b) and 8 CFR 335.3 to make a determination on the Plaintiff's naturalization within 120 days after the examination, Plaintiff has suffered, and is suffering and will continue to suffer irreparable harm. Plaintiff has suffered grievously as a result of the protracted and unconscionable delays. He has been deprived of the substantial and unique benefits of citizenship, including protection of the laws of the United States equal to that granted to citizens; political rights, including the right to vote; the right to obtain a United States passport; the protection of the United States government when outside the United States; freedom of movement and travel, etc. He also has been subjected to the fear and uncertainty engendered by the inability to obtain citizenship; the inability to travel and carry out necessary activities out of concern he may miss a long-delayed sworn-in ceremony, the inability to file visa petitions for immediate relatives as a United States citizen, etc.

**REQUEST FOR RELIEF**:

WHEREFORE, Plaintiff request that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Issue a writ in the nature of mandamus, pursuant to 28 USC § 1361 and 5 USC § 706(1) compelling Defendants and their agents to make a determination of the naturalization application of the Plaintiff, to notify the Plaintiff that his application has been granted or denied, and if granted, of the procedures to be followed for the administration of the oath of allegiance, within 20 days of the issuance of such writ.

3. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 USC § 2412.

4. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,                                    Attorneys for Plaintiff

_____
Robert L. Volz
Attorney for Plaintiff