1  EVIN V. RYAN, CSBN 118321
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   EDWARD A. OLSEN, CSBN 214150
4  Assistant United States Attorney

5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
6     Telephone: (415) 436-6915
      FAX: (415) 436-6927
7
   Attorneys for Defendants
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND DIVISION

12
   HYMED BESROUR,                        )
13                                       )
                   Plaintiff,            )    Case No. 06-4797-SBA
14                                       )
          v.                             )
15                                       )    **ANSWER**
   ALBERTO GONZALES, Attorney General of the )
16 United States; MICHAEL CHERTOFF, Secretary )
   of the Department of Homeland Security;  )
17 EDUARDO AGUIRRE, Director of United States )
   Citizenship and Immigration Services; MICHAEL )
18 MUELLER, Director of the Federal Bureau of )
   Investigations, CHRISTINA POULOS, Acting )
19 Director of the California Service Center,  )
                                         )
20                 Defendants.           )
                                         )
21 _____  )

22      The Defendants hereby submit their answer to plaintiff's Complaint For Mandamus To Compel

23 Defendants To Complete Naturalization Process.

24                            **PARTIES**

25     1.  The defendants admit the allegations in Paragraph One.

26     2.  The defendants admit the allegations in Paragraph Two.

27     3.  The defendants admit the allegations in Paragraph Three.

28     4.  The defendants admit the allegations in Paragraph Four.

5.  The defendants deny the allegations in Paragraph Five because Robert Mueller is the Director of the FBI.

6.  The defendants deny the allegations in Paragraph Six because Emilio Gonzalez is the Director of the United States Citizenship and Immigration Services.

### JURISDICTION

7.  Paragraph Seven consist of a statement of jurisdiction, to which no response is required. However, to the extent a response is deemed to be required, the defendants deny the allegations in Paragraph Seven.

8.  Paragraph Eight consists of a statement of jurisdiction, to which no response is required. However, to the extent a response is deemed to be required, the defendants deny the allegations in Paragraph Eight.

9.  Paragraph Nine consists of plaintiff's statement that he will seek costs and attorneys fees, to which no responsive pleading is required.

### VENUE

10.  Paragraph Ten consists of a statement of venue, for which no responsive pleading is required.  However, to the extent a responsive pleading is deemed to be required, the defendants deny the allegations in Paragraph Ten.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.  The defendants lack sufficient information or knowledge to either admit or deny the allegations that plaintiff has made numerous inquiries concerning the status of the application to no avail.

12.  Paragraph Twelve consists of a recitation of the law, to which no responsive pleading is required.

### THE CHALLENGED PRACTICE

13.  Paragraph Thirteen consists of a statement of the law, to which no responsive pleading is required.  The defendants admit that the naturalization application remains pending.

### FACTUAL ALLEGATIONS

14.  The defendants admit the allegations in Paragraph Fourteen.

15. The defendants admit that USCIS received plaintiff's naturalization application on May 26, 2004. The defendants admit that plaintiff's fingerprints were initially taken on February 1, 2005, and that he was interviewed by a USCIS officer on February 1, 2005. The defendants admit that at that time, he met the U.S. history and English language requirements. Defendants admit that USCIS has not yet made a decision on his application. Defendants lack sufficient information or knowledge to admit or deny plaintiff's characterization of his efforts to inquire as to the status of his application.

## CLAIM FOR RELIEF

16. The defendants deny the allegations in Paragraph Sixteen.

17. The defendants deny the allegations in Paragraph Seventeen.

18. The defendants lack sufficient information or knowledge to either admit or deny the allegations in Paragraph Eighteen; however, to the extent an answer is deemed to be required, the defendants deny the allegations in Paragraph Eighteen.

## REQUEST FOR RELIEF

The remaining paragraphs consist of plaintiff's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, the defendants deny these paragraphs.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the complaint under any of the jurisdictional provisions cited by the plaintiff.

1   WHEREFORE, defendants pray for relief as follows:

2   That judgment be entered for defendants and against plaintiff, dismissing plaintiff's complaint

3   with prejudice; that plaintiff take nothing; and that the Court grant such further relief as it deems

4   just and proper under the circumstances.

5

6   Dated: October 16, 2006                     Respectfully submitted,

7                                               KEVIN V. RYAN
                                                United States Attorney
8

9                                                    /s/
                                                EDWARD A. OLSEN
10                                              Assistant United States Attorney
                                                Attorneys for Defendants
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28